## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| **RUSSELL LEE EPPERSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| vs. | ) | **Case number 4:05cv0786 CAS** |
| | ) | **TCM** |
| **JAMES A. GAMMON,** | ) | |
| **MISSOURI BOARD OF** | ) | |
| **PROBATION AND PAROLE, and** | ) | |
| **JEREMIAH W. ("JAY") NIXON,** | ) | |
| **Attorney General for the State of** | ) | |
| **Missouri,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The 28 U.S.C. § 2254 petition of Russell Lee Epperson ("Petitioner"), a Missouri

prisoner, for relief from the denial of release on parole is before the undersigned United

States Magistrate Judge for a review and a recommended disposition. See 28 U.S.C.

§ 636(b). Also pending are Petitioner's motion for oral arguments and motion to appoint

counsel.

### Background

Petitioner was convicted following a jury trial on three counts of first degree murder

for killing his wife and two children in 1975 and was sentenced to three consecutive terms

of life imprisonment. State v. Epperson, 571 S.W.2d 260, 261-62 (Mo. 1978) (en banc).

Petitioner's first parole hearing was in 1977. (Pet. Ex. G ¶ 6.) He has had parole

hearings every two years since and has been always denied parole. (Id. ¶¶ 8-9; Epperson

v. Missouri Bd. of Probation and Parole, 81 S.W.3d 540, 542 (Mo. Ct. App. 2002)).  A

consistent reason is given for the denials:  "[r]elease at this time would depreciate the

seriousness of the present offense . . . ."  Epperson, 81 S.W.3d at 542.  See also Exhibit

G, ¶ 10.  This reason was given following the latest parole hearing in April 2005.  (Pet.

Ex. K, ¶ 15.)

In December 2000, after Petitioner's eleventh parole hearing, he filed a petition for

declaratory judgment in state court, arguing that (1) he had a liberty interest in being

classified as eligible for parole pursuant to Mo.Rev.Stat. §§ 217.690.4[1] and 549.261.2[2]

(repealed 1982) and (2) the Missouri Board of Probation and Parole ("the Board") erred

---

[1]"Section 217.690.4 . . . provides:  When considering parole for an offender with consecutive sentences, the minimum term for eligibility for parole shall be calculated by adding the minimum terms for parole eligibility for each of the consecutive sentences, except the minimum term for parole eligibility shall not exceed the minimum term for parole eligibility for an ordinary life sentence."  Epperson, 81 S.W.3d at 543 n.2.

[2]"Section 549.261.2 . . . provides:  Any person who has been committed to a penal or correctional institution under the administration of the department of corrections, who has served either one-third of his time or twelve months of the time for which he was sentenced, whichever is a shorter period, in an orderly and peaceable manner without having any infraction of the rules or laws of the institution recorded against him shall be eligible to make application for parole and shall be given a hearing. Any person who has served two-thirds of his time or two years of the time for which he was sentenced, whichever is the shorter period, shall be eligible to make application for parole and shall be given a hearing. Paroles may be granted, however, before the minimum period specified has been served."  Id. at 543 n.1.

in applying Mo.Rev.Stat. § 558.019.3[3] to his parole consideration because that statute only applies to offenses occurring on or after August 1994. Epperson, 81 S.W.3d at 542-43.

The trial court granted the Board summary judgment, and Petitioner appealed. Id. at 543. The appellate court disagreed with Petitioner's characterization that the Board had found him ineligible for parole. Id. "The Board concedes . . . that [Petitioner] is eligible for parole . . . ." Id. at 544 (citing 14 C.S.R. 80-2.010(6) (requiring that a parole hearing be automatically scheduled for eligible inmates)). "The Board, instead, determined that [Petitioner] should not be released on parole because release would depreciate the seriousness of his offense." Id. Section 549.261.1, in effect when the three murders occurred, provided that the Board *was* to release or parole a prisoner when that prisoner could be released "'without detriment to the community or himself . . . .'" Id. (quoting § 549.261.1). Thus, the statute "created a liberty interest in parole if the statutory criteria were satisfied." Id. at 544. This statute was repealed in 1982 and § 217.690 was enacted, making the decision to release or parole a prisoner discretionary with the Board. Id. at 543 ("[T]he board *may in its discretion* release or parole such person . . . ." (quoting § 217.690.1)) (emphasis added). "In this case, the Board denied [Petitioner] parole release in 1999 and 2001 based on the seriousness of the offense. This is a valid reason under

---

[3]"Section 558.019.3 . . . provides: Other provisions of the law to the contrary notwithstanding, any defendant who has pleaded guilty to or has been found guilty of a dangerous felony as defined in section 556.061, RSMo, and is committed to the department of corrections shall be required to serve a minimum prison term of eighty-five percent of the sentence imposed by the court or until the defendant attains seventy years of age, and has served at least forty percent of the sentence imposed, whichever occurs first." Id. at n.3.

either the old or new parole statute." Id. "Additionally, the Board's use of the new parole statute did not violate the prohibition against *ex post facto* laws because the new statute did not increase [Petitioner's] punishment beyond that allowed by the old parole statute in effect at the time of his offense." Id.

Petitioner subsequently filed petitions for habeas corpus relief in the state circuit court, the court of appeals, and the supreme court. (Pet. Exs. C-D.) Each was summarily denied. (Id.)

The month after the last denial, Petitioner filed the instant petition, seeking federal habeas relief on the ground that he was unconstitutionally denied parole in 1977 after having satisfied the requirements of § 549.621. (Mem. at 3.) Respondent argues that the petition is untimely and without merit. Petitioner counters, in relevant part, that he has been pursuing state court remedies which toll the statute of limitations in 28 U.S.C. § 2244(d)(1)[4] and, alternatively, he is entitled to equitable tolling because Respondent's conduct lulled him into inaction.

## Discussion

The one-year statute of limitations established by § 2244(d)(1) applies to all habeas corpus petitions filed after the effective date of he Antiterrorism and Effective Death Penalty Act ("AEDPA"), April 24, 1996. **Cross-Bey v. Gammon**, 322 F.3d 1012, 1013-

---

[4]Section 2244(d)(1) provides, in relevant part: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court." The statute then sets forth the events that start the statute running, § 2244(d)(1)(A)-(D). Section 2244(d)(2) sets forth the event that tolls the statute.

14 (8th Cir. 2003). There is a one-year grace period from that date "for prisoners whose state court proceedings were completed prior to AEDPA's enactment." **Id.** Petitioner complains of the denial of release on parole after his 1977 hearing. Clearly, that was prior to April 1996. Even were the completion of state court proceedings construed as being the appellate court's February 2002 affirmance of the denial of his petition for declaratory judgment, the one-year statute of limitations in § 2244(d)(1) would have ended well before his § 2254 petition was filed in May 2005.

Petitioner argues that the statute did not begin to run until 2005 because he was not earlier aware of the "factual predicate" of his claim. Section 2244(d)(1)(D) provides that the statute does not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Clearly, Petitioner knew of the factual predicate for his claim at least by May 2004. He presented those facts to the state courts before 2002. His argument that the state appellate court's holding in 2002 that he was eligible for parole in 1977 was a newly-discovered fact, see Petitioner's Response at 7, and that he then had to exhaust state remedies by filing his successive state court habeas petitions is unavailing. He has known since 1977 that he was denied release on parole because of the seriousness of his offense. A change in theory of why this denial is unconstitutional does not begin the statute of limitations running anew.

Petitioner further argues that Respondent lulled him into inaction and, therefore, he is entitled to equitable tolling of the statute of limitations. "'To be entitled to equitable

tolling, [Petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" **Runyan v. Burt**, 521 F.3d 942, 945 (8th Cir. 2008) (quoting Finch v. Miller, 491 F.3d 424, 427 (8th Cir. 2007)). "'Equitable tolling is an *exceedingly narrow* window of relief" and "is proper only when extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time.'" **Id.** (quoting Finch, 491 F.3d at 427-28). A court's or respondent's conduct lulling a prisoner into inaction may warrant equitable tolling. See **Riddle v. Kemna**, 523 F.3d 850, 858 (8th Cir. 2008); **Maghee v. Ault**, 410 F.3d 473, 476 (8th Cir. 2005). Petitioner was not, however, lulled into inaction. He pursued a declaratory judgment in state courts seeking release on parole on the same legal theories now presented. Equitable tolling is not warranted. See e.g., **Finch**, 491 F.3d at 428 (finding equitable tolling not appropriate when prisoner was able to file three post-conviction applications and years had passed without a properly-filed application pending); **Cross-Bey**, 322 F.3d at 1015-16 (finding equitable tolling not appropriate when prisoner mistakenly pursued wrong legal remedy while statute ran).

Alternatively, his claim fails on its merits.

The Eighth Circuit Court of Appeals decided in **Maggard v. Wyrick**, 800 F.2d 195, 197 (8th Cir. 1986), that a habeas petitioner had not been unconstitutionally denied release on parole. The petitioner had argued that the Board had applied § 217.690.1 when considering whether to release him on parole and should have applied § 549.261, the statute in effect when he committed the offenses. **Id.** The reason given for the denial of

parole was the seriousness of the offense, i.e., "the killing of a law enforcement official."

**Id.** at 197. The court noted that it had previously held in <u>Burnside v. White</u>, 760 F.2d 217

(8th Cir. 19855), that there was no ex post facto violation in the application of § 217.690

to an inmate who had been convicted when § 549.261 was in effect because the reason

given – the seriousness of the offense – would have supported the denial of parole under

the repealed statute. **Id.** "It is well-established that the Board may determine that the

serious nature of the inmate's offense requires that a longer term be served before parole

release." **Id.** "This rule is equally compelling under either the old or new Missouri parole

release statutes." **Id.**

Petitioner argues that the Board's concession before the state appellate court requires

his release on parole. Petitioner conflates *eligibility* to be considered for parole and the

concomitant right to a parole hearing with the right to be *released* on parole. See **State**

**ex rel. Shields v. Purkett**, 878 S.W.2d 42, 47 (Mo. 1994) (en banc) (distinguishing

between right of prisoner convicted when § 549.261 was in effect to have request for

parole considered under old statute and regulations and his unavailing argument that those

statutes and regulations precluded Board from considering whether the seriousness, nature

and circumstances of his offense provided a basis for denial). As noted by Petitioner, he

has consistently been provided a hearing to determine whether he can be released on

parole, cf. **Parton v. Armontrout**, 895 F.2d 1214, 1216 (8th Cir. 1990) (per curiam)

(summarily affirming district court order finding ex post facto violation in *denial of a*

*hearing* to prisoner convicted when § 549.261 was in effect),[5] and consistently been denied that release on the grounds that it would depreciate the seriousness of his offense – the murder of his wife and two children and leaving their bodies to decompose in the marital home while he went about his business. **Epperson**, 571 S.W.2d at 262-63.

### Conclusion

Petitioner's § 2254 claim that he was unconstitutionally denied release on parole is without merit. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for oral argument and motion for appointment of counsel are each **DENIED** as moot. [Docs. 18, 19]

**IT IS FURTHER ORDERED** that Jeremiah W. ("Jay") Nixon, the Attorney General for the State of Missouri, is added as a party respondent.

**IT IS HEREBY RECOMMENDED** that the 28 U.S.C. § 2254 petition of Russell Lee Epperson be **DENIED** without further proceedings.

The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in waiver of the right to appeal questions of fact. See **Griffini v. Mitchell**, 31 F.3d 690, 692 (8th Cir. 1994).

---

[5]See also **McCall v. Delo**, 41 F.3d 1219, 1221 n.3 (8th Cir. 1994) (rejecting habeas petitioner's argument that he was effectively found to have satisfied the preconditions for release when the Board established his presumptive release date and noting that the Board had "merely projected [petitioner's] release on this date if he managed to meet the statutory preconditions").

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of July, 2008.